# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BRYAN,<br><br>                           Plaintiff,<br>vs.<br>CITY OF CARLSBAD, et al.,<br><br>                          Defendants. | CASE NO. 17cv697-LAB (BLM)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

     Plaintiff Catherine Bryan submitted an *ex parte* motion for a temporary restraining order (TRO), with attached exhibits. By discrepancy order, the Court accepted the motion.

     The motion makes clear Bryan is <u>not</u> seeking a preliminary injunction. (TRO Application at 2:16–21.)[1] Instead, she asks for a TRO so that she will have time to obtain enough discovery to seek a preliminary injunction.

     In an earlier case, *Kokopelli Community Workshop Corp. v. Select Portfolio Servicing, Inc.*, 10cv1605-CAB (KSC), Bryan litigated ownership of the property and lost. She then took an appeal, which the Ninth Circuit has yet to resolve.[2] The Court has no jurisdiction to make

---

[1] The motion is divided into an "Application for TRO and Order to Show Cause" and a memorandum in support of the application.

[2] That case, 13-56681, *Bryan v. Select Portfolio Servicing,* was opened on September 26, 2013. The latest docket entry, dated May 5, 2017, is a letter sent to defense counsel in response to his inquiry about the case status. The letter says the case is due to be assigned

any rulings on issues that are on appeal in that case; only the Ninth Circuit can do that. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

The complaint in this case alleges that the City of Carlsbad and its code officer Scot Rudinger have been using municipal property codes as a pretext to harass and oppress her. It alleges that Defendant's agents have illegally intruded on her property and singled her out for arbitrary enforcement of property regulations. The buyer(s) and purported new owner(s) of the property are not named as Defendants in this case.

As a result of litigation in state court, the house is scheduled to be demolished this month. (Memorandum at 15:17–16:4.) Bryan asks the Court to "enjoin [Defendants] from condemning and demolishing her home . . ." after her failure to make mandated repairs. (Memorandum at 20:17–19.) She believes that if her house is demolished, she will lose theequity she says she still has in her home. (*Id*. at 3:10–15.) Bryan believes the state court proceeding was carried out in a manner that violates her federal due process rights. (*Id*. at 16:1–17:11.)

The motion is really raising two groups of claims. First, Bryan argues that the state court violated her constitutional rights when it authorized an inspection warrant and later adjudicated the city's claim for condemnation and demolition of the house. Those arguments are based on matters at issue in this case. Second, she claims that she will be harmed because of her ownership in the house. She contends the demolition will extinguish her Truth in Lending Act (TILA) based rights to the $2 million in equity she has in the property. Those arguments are based on matters at issue in the case on appeal.

The Anti-injunction Act, 28 U.S.C. § 2283, generally prevents this Court from enjoining state court proceedings. The only exception to that prohibition that might apply here is that a court can grant injunctions in support of its jurisdiction.[3] But this Court lacks jurisdiction

---

to a panel of judges within the next few months.

[3] The other exceptions are where an act of Congress expressly authorizes the injunction (which is not the case here), and where an injunction is necessary to protect or effectuate the Court's judgments. But because the Court has not issued any judgments in this case, that exception is not applicable either.

over the issue of ownership, TILA rights, and related issues that are on appeal. Currently, the Ninth Circuit has jurisdiction over those issues, and only that court could enjoin state proceedings that might impinge on Bryan's claims in case 10cv1605. As for the claims at issue in this case, there is no applicable exception to the Anti-injunction Act. The condemnation and demolition of the house do not threaten this Court's jurisdiction over claims pending in this case. Any irregularities in the state court's proceedings can be litigated in state court, either at the trial court level or on appeal, but they cannot be litigated in this case.

The motion is defective in a number of other ways, but because the Court lacks jurisdiction to grant the relief Bryan is asking for, this order does not address those issues. The motion is **DENIED**, and the request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: June 2, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge