UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BRYAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cv697-LAB (BLM)<br><br>**ORDER REQUIRING PLAINTIFF TO AMEND OR ABANDON HER CLAIMS** |

On March 20, the Court denied Plaintiff Catherine Bryan's motion for a preliminary injunction, her motion for leave to file a supplemental complaint, and her motion for leave to add party defendants. That same order dismissed some of Bryan's claims with prejudice, but others without prejudice. It gave her until April 5, 2018, to seek leave to amend. Bryan then interlocutorily appealed the denial of her motions. (Docket no. 39.) Her notice of appeal also purports to appeal the Court's non-final dismissal of her complaint.

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. *See Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). But a notice of appeal from a plainly unappealable order does not do so. *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (citing *Griggs v. Provident*

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Where such a defect is clear to the district court, it may disregard the purported notice of appeal and proceed with the case. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966)).

An order dismissing some claims with prejudice but contemplating the possibility of further amendment is not final or appealable merely because the plaintiff chooses not to amend. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Bryan has not filed anything suggesting that she intends to stand on her complaint, or that she intends to abandon the claims that were dismissed without prejudice and appeal only those that were dismissed with prejudice. *See id.*; *Lopez v. City of Needles*, 95 F.3d 20, 22 (9th Cir. 1996).

In other words, the Court's order of dismissal is not yet final, and is not appealable. Bryan may, if she wishes, file a notice either electing to stand on her complaint, or abandoning those claims that were dismissed without prejudice, and the Court will dismiss the case. If she does not do so, however, she should continue litigating her claims.

In the interest of deciding Bryan's claims on the merits if possible, the Court *sua sponte* extends the deadline for Bryan to seek leave to amend, from April 5 to **April 26, 2018**. If she files a motion for leave to amend, Defendants may file an opposition within **21 calendar days of the date she does so**. No reply brief is to be filed without leave. Bryan's motion must comply with the Court's previous order. (*See* Docket no. 38 at 17:28–18:16.) Failure to seek leave to amend within the time permitted may result in this action's dismissal for failure to prosecute.

**IT IS SO ORDERED**.

Dated: April 4, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge

2
17cv697-LAB (BLM)