UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BRYAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv697-LAB (BLM)<br><br>**ORDER DENYING SECOND MOTION FOR STAY** |

Plaintiff Catherine Bryan filed a notice of appeal (Docket no. 39) as well as an *ex parte* motion for an indefinite stay of the deadline for her to seek leave to file an amended complaint. (Docket no. 42.) The Court denied that, and ordered Bryan to take action to prosecute her case by April 26, 2018. (*See* Docket nos. 43 and 44.) D

Bryan's notice of appeal sought review of the Court's denial of her motion for preliminary injunction, motion to add parties, and motion for leave to file a supplemental complaint. It also asked the Ninth Circuit to review the Court's dismissal of certain claims, which she believes are inextricably bound up with the three motions. Bryan's appeal of the Court's non-final dismissal of the complaint was improper, and did not divest the Court of jurisdiction over that matter. (*See*

Docket no. 43 at 1:24–2:12.) The Court denied Bryan's request to stay the action pending the Ninth Circuit's decision. (*See* Docket no. 44 at 2:1–2.)

Bryan has now filed a motion seeking reconsideration of the Court's denial of a stay, without complying with Civil Local Rule 7.1(i) or the Chambers' standing order in civil cases, ¶ 4(j). All told, the motion and supporting documentation are over 200 pages long. Motions for reconsideration are disfavored, and ordinarily are not granted unless the Court is presented with newly-discovered evidence or committed clear error, or there has been an intervening change in controlling law. *See Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). They may not be used to present new arguments or evidence that could have been raised earlier. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991).

Underlying Bryan's request is the notion that the Ninth Circuit has power to hear her appeal of the Court's non-final order of dismissal. In fact, the opposite is true. By attempting to appeal a non-final dismissal of her claims, Bryan is in effect asking the Ninth Circuit to do what both it and the Supreme Court have said appellate courts should not do. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106–07 (2009); *SolarCity Corp. v. Salt River Project Agricultural Improvement & Power Dist.*, 859 F.3d 720, 723–24 (9th Cir. 2017).

Bryan's notice of motion makes clear she believes granting a stay would prevent the case from being "prematurely dismissed" and would save her the trouble of filing a second appeal. But because the Court's earlier dismissal does not fall within the purview of the collateral-order doctrine, *see id.*, staying the case would result in the merits of the case remaining unreviewable until this Court issues a final order. This falls under the heading "be careful what you ask for." The worst thing for Bryan would be to grant her request. The only effects would be pointless delay and expense for her, and a lack of finality for all parties.

The Court construes Bryan's motion stay as a motion for leave to seek reconsideration of the Court's earlier denial of a stay. So construed, the motion is

**DENIED**. Bryan's request for judicial notice in support of her motion (Docket no. 47) is **DENIED AS MOOT**.

The Court's earlier orders (Docket nos. 43 and 44) remain in effect, except that the deadline set forth in the Court's April 4 order (Docket no. 43 at 2:16–18) is **EXTENDED** from April 26, 2018 to **May 3, 2018**. Because Bryan has spent a great deal of time preparing and filing a voluminous motion instead of complying with the Court's order, she should not assume that any further requests for extensions of time will be granted.

The Court recognizes that it can, in certain circumstances, certify an issue for appeal. *See* 28 U.S.C. § 1292(b). But the standard for doing so is not met here, and any implied request that the Court do so is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 10, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge