UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BRYAN,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                    Defendant. | Case No.: 17cv697-LAB (BLM)<br><br>**ORDER DENYING LEAVE TO FILE MOTION TO VACATE JUDGMENT** |

      The Court issued a final judgment in this case on May 4, noting that Plaintiff Catherine Bryan had failed to seek leave to amend as ordered. On May 29, Bryan obtained a hearing date for a motion under Fed. R. Civ. P. 60. At that time, she was reminded to review the Court's standing order in civil cases. She then submitted a motion which describes itself as a Rule 60 motion, but which in fact is something else.

      In an earlier case, 10cv1605-CAB (KSC), *Kokopelli Community Workshop Corp. v. Select Portfolio Servicing, Inc.* (filed Aug. 2, 2010), Judge Cathy Bencivengo granted summary judgment finding, among other things, that Bryan was not the owner of the house that she lives in. (*See* Docket no. 308 in that case, at 7:12–23 (holding that Bryan transferred her interest in the subject property and therefore lacked standing to contest disclosure).) Bryan took an appeal, and the

Ninth Circuit affirmed Judge Bencivengo's determination. *Bryan v. Select Portfolio Servicing, Inc.,* 697 Fed. Appx. 561 (9th Cir. 2017). The mandate was spread, and the judgment in that other case is now final.

While this present case was pending, Bryan attempted to appeal the final judgment in case 10cv1605, by filing an *ex parte* motion for relief from judgment. (*See* Docket no. 50.) The Court denied that motion, noting that in this situation, the Court has no authority to vacate final judgment entered by another judge in a different case, and that any motion to vacate the judgment in case 10cv1605 would have to be filed in that case, not this one. (*See* Docket no. 51 at 1:17–25.)

After denying Bryan's attempted collateral attack on the judgment in case 10cv1605, the Court ordered Bryan to obey earlier orders requiring that she file an amended complaint. (*See* Docket no. 51 at 2:1–5.) She did not seek leave to amend, and the Court dismissed the case. Bryan's earlier claims had been dismissed with prejudice, and the only claim remaining pertained to a search of the subject property on March 29, 2017. But because she was not prepared to go forward with that claim (which forms no part of her present motion), the Court dismissed it. Because no pending claims remained, the Court dismissed the entire case on May 4. (*See* Docket no. 53.)

Bryan has now filed what she calls a motion for relief from final judgment, but her motion is improper in several different ways. The motion cites Rule 60(b)(2)–(4), claiming that the judgment in case 10cv1605 was procured by fraud and is therefore void, and that she did not discover the evidence of this until recently. In fact, alleged fraud by MTGLQ Investors L.P. (a party in that case but not this one) is the sole basis for the motion. Fraud does not render a judgment void. *See NewGen, LLC v. Safe Cig,* LLC, 840 F.3d 606, 612 (9th Cir. 2016) (judgments are only void when there is a total want of jurisdiction). The motion does not identify any new evidence — only an email from a Florida fraud examiner
///

2

17cv697-LAB (BLM)

tentatively suggesting that Bryan and her mother may have defrauded, and advising her to seek relief from a court.

First, Bryan's motion is aimed entirely at the judgment in case 10cv1605. Other than arguing that this Court should not recognize that judgment as final, she does not argue that this Court made any errors in this case. Nor is she alleging that the judgment <u>in this case</u> was procured by fraud. *See Williams v. Bentley Motors, Inc.*, 2014 WL 12622271 at *1 (C.D. Cal. Oct. 3, 2014) (citing *In re MV Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404–05 (9th Cir. 1987)) (holding that Rule 60(b)(3) does not authorize relief from judgment on the basis of alleged fraud in a different case).

A motion seeking to vacate the judgment in case 10cv1605 must be filed in that case, not this one.[1] There is no provision of law that would authorize the undersigned judge to reassign Judge Bencivengo's case to himself; interfere in that case; or review, vacate, or declare void her judgment in that case — much less the Ninth Circuit's decision affirming it. Even though Bryan was told that any Rule 60 motion to vacate the judgment in case 10cv1605 had to be filed in that case, she has not done so. *See Hill v. Dozer*, 2018 WL 1418412 at *3 (E.D. Cal., Mar. 22, 2018) (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) and *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)) (holding that where a plaintiff could have, but did not, take action to set aside judgment in another case, permitting collateral attack was inappropriate).

///

---

[1] Under some circumstances, a party may bring an independent action to set aside a judgment. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). An independent action may be appropriate where, for example, the plaintiff was not a party to the case where the judgment was entered that she is seeking to set aside. But Bryan was a Defendant in case 10cv1605. It is not clear why she did not file a Rule 60 motion in that case.

Furthermore, although the local rules and the Court's standing order have been pointed out to Bryan, her motion violates several requirements designed to curb abusive litigation. This issue was already addressed and decided, and this is Bryan's <u>second</u> motion for reconsideration of the same issue.

Under Civil Local Rule 7.1(i)(1), Bryan was required to point out to the Court that she was seeking reconsideration of the Court's earlier order, and to provide certain details. She has not complied with this requirement. In particular, she never explained what new or different facts she now knows that she did not know before, leaving it up to the Court and opposing counsel to spend their time trying to figure out how this motion differed from her earlier motion. Because Bryan is seeking reconsideration of the Court's order issued April 25, 2018, under Civil Local Rule 7.1(i)(2) her motion for reconsideration should have been filed within 28 days of that order, and it is untimely.

Finally, the chambers' own standing order, ¶ 4(j), forbids filing motions for reconsideration without leave from the Court.[2] The standing order required Bryan to file an *ex parte* motion for leave to seek reconsideration, providing a brief statement of the reasons reconsideration is being sought (not to exceed five pages), and attaching her motion for reconsideration as an exhibit.

The Civil Local Rules and chambers standing order requirements are not empty, arbitrary, or make-work formalities. Rather, they are intended to curb abusive litigation practices, such as unfair delays caused by seeking reconsideration late in the game, or imposing on the Court and opposing counsel the burden of sifting through voluminous motions to try to figure out what new facts

---

[2] Obtaining a hearing date for the motion, while required under local rules, is not the same as obtaining leave to seek reconsideration. The first time the Court was on notice that Bryan's purported Rule 60 motion was in fact seeking reconsideration of the Court's earlier order denying her request to vacate Judge Bencivengo's judgment was when Bryan submitted it for filing.

or arguments a motion for reconsideration relies on. Even though Bryan has been advised about these requirements before, and reminded to comply with them (*see* Docket no. 38 at 18:7–9; Docket no. 43 at 2:20–21; Docket no. 48 at 2:3–5), she has persisted in disobeying them. Bryan's latest motion is untimely and is over 50 pages long, and would impose an unfair burden on opposing counsel and the Court.

Because Bryan's motion violates rules and orders she has been told about and reminded to obey, it is **REJECTED FOR FILING**. Even if it were not being rejected, however, it would be denied as both procedurally and substantively improper. If Bryan wishes to file a proper Rule 60 motion that does not seek reconsideration of this same issue, she may do so no later than **Monday, June 4, 2018**, using the same hearing date she already obtained. But otherwise, she must obtain a new hearing date. If she is considering filing anything else in this case, she is **ORDERED** to review and comply with the Civil Local Rules (particularly Rule 7.1) and the Court's own standing order.

**IT IS SO ORDERED**.

Dated: May 31, 2018

Hon. Larry Alan Burns
United States District Judge